# EXHIBIT "H"

ALLEGRO TRANSLATIONS
14 Cheyne Road, Old Aberdeen, AB24 1UA, Scotland
Tel/Fax.: 00 44 1224 494444   E-mail: translate@lornasmith.freeserve.co.uk

## CERTIFICATE OF TRANSLATION

## CASSATION, Zbidi Hamida Ben Mahmoud/Transatlantic General Company

I, Lorna Smith MA (Hons), associate member of the Institute for Translation and Interpreting, Director of Allegro Translations and having extensive experience in translation from French into English, declare that I translated the document mentioned above from French into English, on Monday, 19 December 2005 and that it is a true and faithful translation of the copy of the original of the document provided.

SWORN IN ABERDEEN BY:

LORNA SMITH

DATE:                                    19 December 2005

Supreme Court of Appeal
Civil Chamber
Public sitting of November 21, 1911                    **CASSATION**

Published in the bulletin

REPUBLIC OF FRANCE
IN THE NAME OF THE FRENCH PEOPLE

CASSATION, on the appeal of the Transatlantic General Company, of a decision
made on July 25, 1908, by the Court of Appeal of Algiers, to the benefit of Zbidi
Hamida Ben Mahmoud.

DECISION.

Of November 21, 1911.

THE COURT,

Heard in the public sitting of this day, the adviser Mr. Durand, in his report statement;
Messrs. Dambeza and Gault, lawyers of the parties, in their respective observations,
as well as Mr. Mérillon, attorney general in his conclusions;

After having deliberated on it in the council chamber;

On the single means of the appeal:

In view of article 1134 of the Civil Code;

Considering that the qualities and reasons for the attacked decision, it results that the
ticket of passage issued in March 1907 by the Transatlantic General Company to
Zbidi Hamida Ben Mahmoud, at the time of his boarding in Tunis for Bône,
contained, under article 11, a clause granting exclusive jurisdiction to the commercial
court of Marseilles to judge problems that the execution of the contract of transport
could bring;

That during the voyage, Zbidi Hamida, to whom the Company had allocated a seat in
the lower-deck, next to the goods, was seriously injured in the foot by a badly secured
barrel falling;

Considering that, when a clause is not illicit, the acceptance of the ticket on which it is
recorded, implies, except in the case of wilful misrepresentation or fraud, the
acceptance of the clause itself by the traveller who receives it;

That, vainly, the attacked decision declares that the clauses of the tickets of passage of
the Transatlantic Company, notably article 11, govern only the contract of transport
itself and the problems that may result from its execution, and that by claiming
damages from the Company for the injury which he had sustained, Zbidi was acting

against it not "under the terms of this contract and the stipulations by which he attributed responsibility to the Company";

That the execution of the contract of transport indeed involves the obligation of the carrier to conduct the traveller safely to his/her destination, and that the court of Algiers itself notes that it is during this execution and in the circumstances related to it, that Zbidi was the victim of the accident for which he is seeking redress;

Consequently, considering that it is wrong that the attacked decision refused to give effect to the clause reported above and declared that the civil court of Bône was qualified to judge the action for compensation brought by Zbidi Hamida against the Transatlantic Company; That by ruling thus, it violated the article noted above;

For these reasons, IT IS QUASHED,

Publication: Bulletin DECISIONS Supreme Court of Appeal Civil Chamber No. 134 p. 271 Dalloz, the great decisions of civil jurisprudence, observations Henri CAPITANT, Alex WEILL, François TERRE, p. 672
Attacked Decision: Appeal Court of Algiers 1908-07-25
Publications and summaries: MARITIME TRADE - Transport - Ticket of passage - Attributive clause of jurisdiction - Injured passenger - Application refusal


A decision which refuses to give effect to the clause of the tickets of passage of a navigation company granting jurisdiction to a defined commercial court to judge the problems that the execution of the contract of transport could bring violates article 1134 of the Civil Code.

Acceptance of the ticket implies, in such a case, acceptance of the clause itself and the obligation for the passenger, if he/she is injured during the transport and in circumstances related to its execution, to file his/her action, when it is a question of damages, before the court to which jurisdiction was assigned by the tickets.


Quotes codes: Civil Code 1134

**Cour de Cassation**
**Chambre civile**
**Audience publique du 21 novembre 1911**        **CASSATION**

**Publié au bulletin**

## REPUBLIQUE FRANCAISE

## AU NOM DU PEUPLE FRANCAIS

CASSATION, sur le pourvoi de la Compagnie Générale Transatlantique, d'un arrêt rendu, le 25 juillet 1908, par la Cour d'appel d'Alger, au profit de Zbidi Hamida ben Mahmoud.


ARRET.

Du 21 Novembre 1911.

LA COUR,

Ouï en l'audience publique de ce jour, M. le conseiller Durand, en son rapport ; Maîtres Dambeza et Gault, avocats des parties, en leurs observations respectives, ainsi que M. Mérillon, avocat général, en ses conclusions ;

Après en avoir délibéré en la chambre du conseil ;

Sur l'unique moyen du pourvoi :

Vu l'article 1134 du Code civil ;

Attendu que des qualités et des motifs de l'arrêt attaqué, il résulte que le billet de passage remis, en mars 1907, par la Compagnie Générale Transatlantique à Zbidi Hamida Ben Mahmoud, lors de son embarquement à Tunis pour Bône, renfermait, sous l'article 11, une clause, attribuant compétence exclusive au tribunal de commerce de Marseille pour connaître des difficultés auxquelles l'exécution du contrat de transport pourrait donner lieu ;

Qu'au cours du voyage, Zbidi Hamida, à qui la Compagnie avait assigné une place dans le sous-pont, à côté des marchandises, a été grièvement blessé au pied par la chute d'un tonneau mal arrimé ;

Attendu que, quand une clause n'est pas illicite, l'acceptation du billet sur lequel elle est inscrite, implique, hors les cas de dol ou de fraude, acceptation, par le voyageur qui la reçoit, de la clause elle-même ;

Que, vainement, l'arrêt attaqué déclare que les clauses des billets de passage de la Compagnie Transatlantique, notamment l'article 11, ne régissent que le contrat de transport proprement dit et les difficultés pouvant résulter de son exécution, et qu'en réclamant une indemnité à la Compagnie pour la blessure qu'il avait reçue, Zbidi agissait contre elle non "en vertu de ce

contrat et des stipulations dont il lui imputait la responsabilité" ;

Que l'exécution du contrat de transport comporte, en effet, pour le transporteur l'obligation de conduire le voyageur sain et sauf à destination, et que la cour d'Alger constate elle-même que c'est au cours de cette exécution et dans des circonstances s'y rattachant, que Zbidi a été victime de l'accident dont il poursuit la réparation ;

Attendu, dès lors, que c'est à tort que l'arrêt attaqué a refusé de donner effet à la clause ci-dessus relatée et déclaré que le tribunal civil de Bône était compétent pour connaître de l'action en indemnité intentée par Zbidi Hamida contre la Compagnie Transatlantique ; Qu'en statuant ainsi, il a violé l'article ci-dessus visé ;

Par ces motifs, CASSE,

Publication :Bulletin ARRETS Cour de Cassation Chambre civile N° 134 p. 271 Dalloz, les grands arrêts de la jurisprudence civile, observations Henri CAPITANT, Alex WEILL, François TERRE, p. 672
Décision attaquée :Cour d'Appel Alger 1908-07-25
Titrages et résumés : COMMERCE MARITIME - Transport - Billet de passage - Clause attributive de juridiction - Passager blessé - Refus d'application

   Viole l'article 1134 du Code civil l'arrêt qui refuse de donner effet à la clause des billets de passage d'une compagnie de navigation attribuant compétence à un tribunal de commerce déterminé pour connaître des difficultés auxquelles l'exécution du contrat de transport pourrait donner lieu.

L'acceptation du billet implique, en pareil cas, acceptation de la clause elle-même et obligation pour le passager, s'il est blessé au cours du transport et dans des circonstances se rattachant à son exécution, de porter son action, lorsqu'il agit en dommages-intérêts, devant le tribunal auquel juridiction a été attribuée par les billets.

Codes cités : Code civil 1134