**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    )
NANCY R. IRWIN AND                  )
OLIVIER MISSA,                      )
                                    )
_____                             )
                                    )
             Plaintiffs,            )
                                    )   Civ. No. 05-1287 (EGS)
        v.                          )
                                    )
WORLD WILDLIFE FUND, INC.           )
                                    )
             Defendant.             )
_____)
```

<u>**MEMORANDUM OPINION**</u>

Plaintiffs, Nancy Irwin and Olivier Missa, filed this action against defendant, the World Wildlife Fund, Inc., alleging breach of contract and negligence in violation of Gabonese law. Specifically, plaintiffs allege that defendant is responsible for a boating accident in the N'dogo Lagoon in Gamba, Gabon, which resulted in serious injury to Ms. Irwin. Plaintiffs filed their claims in this Court pursuant to 28 U.S.C. § 1332(a). Ms. Irwin is a citizen of the United Kingdom, Mr. Missa is a citizen of Belgium, defendant is a citizen of the United States, and the amount in controversy exceeds $75,000. Plaintiffs reside in Aberdeen, Scotland. Defendant's headquarters and principal place of business are located in the District of Columbia.

Pending before the Court is defendant's motion to dismiss plaintiffs' complaint on the ground of *forum non conveniens*. Defendant argues that other than the fact that its headquarters

is located in the District of Columbia, there is no nexus between this forum and the facts of this case: plaintiffs are not citizens of the United States, all of the events occurred in Gabon, all of the critical evidence is located in Gabon, the accident was investigated by Gabonese authorities, Ms. Irwin was initially treated in Gabon, and the likely responsible party – the driver of the boat that collided with plaintiffs' boat – presumably resides in Gabon.  Plaintiffs respond, primarily, that their choice of forum is entitled to deference because Ms. Irwin's precarious medical condition prevents her from traveling to Gabon without risking major medical complications or even death.  Plaintiffs also argue that Gabon is not an adequate forum and that private interest factors weigh in favor of litigating the case in the District of Columbia.

Upon consideration of defendant's motion, and the response and reply thereto, the Court concludes that the District of Columbia is not the appropriate forum to litigate plaintiffs' claims.  In addition to consideration of the relevant legal factors, the Court's determination is based upon defendant's assurances that it will waive any procedural obstacles in the plaintiffs' commencement of a lawsuit against defendant in Gabon, defendant's motion to dismiss (Def.'s Mot.) at 7, and its willingness to enter into an agreement with plaintiffs' counsel that Ms. Irwin's pretrial testimony would take place in Scotland.

2

Defendant's reply at 11.  Therefore, defendant's motion to dismiss is **GRANTED**, subject to the above concessions.

## I.    BACKGROUND

Plaintiff Irwin is a highly-trained zoologist, who, until the tragic events that give rise to this action, was a Commonwealth University scholar and doctoral candidate at the University of Queensland in Brisbane, Australia.  Compl. at ¶ 6. Plaintiff Missa is a tropical ecologist and is married to Irwin. *Id.* at 7.  In May of 2002, Ms. Irwin moved from Brisbane to Gamba, Gabon, to be with her husband, who had recently taken a position as a lab coordinator for the Smithsonian/EHTM biodiversity program.  *Id.*  Gamba is a town in Gabon located in the "Gamba Complex," a large, remote area located in Gabon. While in Gabon, Ms. Irwin continued research on her doctoral dissertation.  *Id.*

Plaintiffs allege that in June of 2002, Missa arranged, through the Gabonese entity Cecotour, for a trip in a small wooden boat on a lagoon adjacent to Gamba for himself, Irwin, and two others.  Compl. at  ¶¶ 8-9.  According to defendant, Cecotour has never been a corporate affiliate or subsidiary of defendant. Jamar Decl. at ¶ 6.  Plaintiffs allege that Cecotour's actions are attributable to defendant because Mr. Missa booked the trip with an employee of the World Wildlife Federation's Gabon office and was instructed to make payment there.  Compl. at ¶ 9.

3

Defendant claims that it does not employ any person mentioned in the complaint. Jamar Decl. at ¶ 7.

Plaintiffs were scheduled to go on a boat trip at 6:30 p.m. on June 28, 2002, but the trip was delayed until 8:20 p.m. -- after nightfall. Compl. at ¶¶ 9, 11. According to the police report obtained by defendant, at approximately 9:00 p.m., a second boat, piloted by Igor Bipakila and owned by Jean-Martin Rebellah ("Rebellah"), collided with the left side of plaintiffs' boat, which was piloted by a Gabonese citizen, Jean-Flavien Tchibinda. Jamar Decl. at ¶ 10.

The bow of the oncoming boat struck Ms. Irwin in the face, dislodging her orbital ridge and shattering her face. Compl. at ¶ 12. In addition, the bow of the oncoming boat hit metal supports in the boat Ms. Irwin occupied, and the metal supports impaled Ms. Irwin's skull and tattooed her skin. *Id.* Ms. Irwin also suffered additional injuries to her skull, shoulder, neck and spine. *Id.* Ms. Irwin's injuries are long-term, severe, painful, and extensive, and they include: loss of sensation and motor function, complete loss of smell and a diminished sense of taste, diminished cognitive skills, short-term and working memory loss, shattered sinuses, which cause complications with common infections, and diminished ability to perceive visual depth. Compl. at ¶ 18. Plaintiff Missa also suffered damages as a result of the accident, including the expenses incurred as a

4

result of Irwin's injuries.  *Id.* at ¶ 23.

Plaintiffs allege that the boat was not adequately prepared for the emergency because it lacked navigational lighting, and its passengers were not offered or told to wear life jackets, in violation of Gabonese law.  Compl. at ¶ 11.  Plaintiffs also allege that the boat did not have any form of communication, such as a functioning radio, and that the boat operator lacked adequate training in first aid and emergency planning.  *Id.*

Plaintiffs seek an award of compensatory and punitive damages against the defendant.

## III. DISCUSSION

When considering a motion to dismiss on the ground of forum non conveniens, the Court must first determine whether the proposed alternative forum is adequate.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947); *Pain v. United Technologies Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980).  If there is an adequate alternative forum, the Court must balance the private interests of the litigants in keeping the case in the District of Columbia or dismissing it in favor of the foreign court, and the interests of the public and the courts of this district in keeping the case here.  *See Gilbert*, 330 U.S. at 508-09; *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984).

**A.   Because plaintiff is neither a citizen nor resident of the United States, plaintiffs' choice of forum is entitled to less deference**

5

Plaintiffs' primary argument against dismissal is that Ms. Irwin's choice of forum, driven by her present medical condition, should be accorded deference. Although there is a strong presumption in favor of the plaintiff's choice of forum, plaintiff's choice is entitled to less deference if she is a citizen and resident of a foreign state. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *BPA Int'l, Inc. v. Sweden*, 281 F. Supp. 2d 73, 85 (D.D.C. 2003)("While a plaintiff's choice of forum is usually given a strong presumption, this factor carries much less weight when the plaintiff is also a stranger to the forum.").

Plaintiff Irwin argues that if she were required to return to Gabon, she would be at serious risk of medical complications, and even death. Gabon does not have adequate medical care for even her routine conditions, much less the expertise and equipment needed to respond to any unexpected complications that could arise. If the case were tried in Washington, on the other hand, Ms. Irwin could be treated at one of several area hospitals. In addition, Ms. Irwin has family members living in Northern Virginia who could host and care for her during deposition and trial.

The risks to Ms. Irwin's health are of serious concern to the Court. Nevertheless, defendant has indicated a willingness to accommodate Ms. Irwin as much as possible. Defendant has

6

agreed to take Ms. Irwin's pretrial testimony in Scotland.
Defendant's reply at 11.  Mr. Missa, Ms. Irwin's husband and co-
plaintiff, will presumably be available to attend pretrial
proceedings in Gabon.  Ms. Irwin's remaining interest in
attending trial, though significant, is insufficient to prevent
dismissal from this Court.  The right to attend trial, even for
American citizens, is not absolute.  *See, e.g., Effron v. Sun
Line Cruises*, 67 F.3d 7, 11 (2d Cir. 1995)(holding that an
American plaintiff was bound by a forum selection clause that
designated Greece as the proper forum in a cruise contract
dispute; "[t]he right to a day in court means not the actual
presentation of the case, but the right to be duly cited to
appear and be afforded an opportunity to be heard.")(internal
quotations omitted).  Thus, although Ms. Irwin's interest in
attending trial is a significant consideration, that reason alone
is insufficient to persuade the Court that this case is best
litigated in the District of Columbia.

**B.     The courts of the Republic of Gabon are an adequate
         alternative forum**

In determining the suitability of an alternative forum, the
Court must determine whether an alternative forum is available
(*i.e.,* whether defendants are amenable to process or otherwise
within the forum's jurisdiction) and whether the forum is
adequate (*i.e.*, whether the parties will be deprived of all
remedies or treated unfairly).  *Piper Aircraft v. Reyno*, 454 U.S.

235, 254 (1981).

As noted above, defendant has conceded that it would waive any procedural obstacles that would prevent plaintiffs' commencement of a lawsuit against it in Gabon.  Defendant's motion at 7.  In addition, although no federal or state court has directly addressed the issue of whether the Republic of Gabon is an adequate forum, it appears that Gabon's legal system satisfies the standards applied by courts in analyzing the adequacy of similar foreign forums.  As long as the alternative forum meets the threshold standard of adequacy, perceived differences in the substantive law or the comparative amount of recovery obtainable in the two alternative forums are not relevant.  *Piper*, 454 U.S. at 248-49; *Pain*, 637 F.2d at 794; *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 372 (5th Cir. 1992).  In this case, the Gabonese legal system would allow plaintiffs to maintain an action against defendant to recover for injuries caused by defendant, Gabonese law recognizes claims that are similar or comparable to the claims in the complaint, and these type of claims are routinely heard in Gabon. Decl. Of Josette Olendo at ¶ 5-6.

Plaintiffs' only challenge to the adequacy of the forum in Gabon is based upon a report by the United States Department of State, which said that "the judiciary remained subject to government influence" and that the Gabonese legal system is

8

"slow, inefficient and subject to corruption."  U.S. State
Department, Bureau of Democracy, Human Rights and Labor,
Supporting Human Rights and Democracy: The U.S. Record 2004-2005
(March 28, 2005).  As plaintiffs acknowledge, however,
generalized allegations of corruption do not establish that a
foreign forum is inadequate.  *El-Fadl v. Centr. Bank of Jordan*,
75 F.3d 668, 678 (D.C. Cir. 1996).

Plaintiffs attempt to distinguish the *El-Fadl* case on the
grounds that the evidence of corruption in Gabon is much more
specific and of far greater concern.  The Court disagrees.  Even
if the State Department report is correct, plaintiff does not
provide any specific fact that the report's findings would affect
this case.  This case is not a criminal case, nor are any
political challenges raised against the government of Gabon.
Plaintiffs have not alleged that they would be treated
differently because of their political affiliations, nor is there
any allegation that the defendant, a non-profit corporation, can
or would exert influence over civil proceedings in Gabon.  In
sum, plaintiffs allegations are exactly the type of generalized
allegations insufficient to dispute the adequacy of an
alternative forum.

**C.**    **The private interest factors weigh in favor of dismissal**

If a alternative adequate forum is available, the Court must
next balance private interest factors to determine if "trial in

the chosen forum would be unnecessarily burdensome for the defendant or the court." *Piper*, 454 U.S. at 256, n.23.  If so, dismissal is proper.  *Id.*  Private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of process for compelling unwilling witnesses; (3) the cost for obtaining attendance of willing witnesses; (4) the possibility of inspecting the premises, if appropriate; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Gilbert*, 330 U.S. at 508.

These factors weigh in favor of dismissal.  The breach of contract and negligence claims are predicated solely upon conduct in Gabon.  Two potentially responsible parties are located in Gabon: the pilot and owner of the boat which struck plaintiffs' boat.  According to the local police report, "[t]he responsibilities for this accident seem to fall on Igor Bipakila, pilot of the boat of Mr. Jean Martin Rebellah, for inattention and not observing the rules and spirit of maritime navigation code."  Jamar Decl. at ¶ 10.

In addition, there are no witnesses located in the United States who have knowledge of the events surrounding the accident. Defendant argues that the only conceivable witnesses in the United States are perhaps certain World Wildlife Fund - US employees who could testify to their employer's relationship with World Wildlife Fund-Gabon or World Wildlife Fund-International.

10

The availability of process for unwilling witnesses is also a primary concern to the Court.  *See Gilbert*, 330 U.S. at 511 ("To fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury, or most litigants.").  The pilot and owner of the boat that struck plaintiffs' boat, the pilot of plaintiffs' boat, the passengers on both boats, the police and other local investigators, the medical personnel at Shell Gabon and in Port Gentil who treated plaintiff, and any passing motorists who witnessed the aftermath of the accident are likely located in Gabon.  At the very least, there is no evidence that any of these potential witnesses reside in the United States.  None of these individuals are subject to subpoena power of this or any other United States court, and none can be compelled to attend trial.  *See BPA Int'l, Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d at 73, 86 (D.D.C. 2003)("Because [plaintiff's] claims arose out of actions occurring in Sweden, access to sources of proof would be much easier if the case were heard in Sweden rather than Washington, D.C.  Many, if not most, of the potential witnesses and much of the evidence will likely be located in Sweden and therefore will likely be beyond the reach of the Court's compulsory process.").

Even if they were willing to attend trial, the cost of

bringing witnesses to Washington, D.C. would be significant.  As defendant points out, expert witnesses competent to testify at trial about Gabonese law or prevailing standards applicable to the plaintiffs' negligence and breach of contract claims are probably located in Gabon.

Defendant also argues that viewing the scene of the boat accident in Gabon is a key component of this case.  The placement of the boats at the time of the accident, the width of the water passage at the location of the accident, and rocks or other impairments to visibility are important factors in the determination of liability.

In response, plaintiffs attempt to demonstrate that there is no need to litigate the case in Gabon because substantial evidence has already been discovered and any further necessary evidence would not be located in Gabon.  At such an early stage in this litigation, the Court cannot make the determinations plaintiffs presume.

Thus, an analysis of all of the relevant private interest factors clearly indicates that Gabon is the appropriate forum to litigate this case.

**D.    The public interest factors weigh in favor of dismissal**

The public interest factors to be considered in a *forum non conveniens* analysis include: (1) administrative difficulties caused by foreign litigation congesting local court dockets; (2)

local interest in having localized controversies decided at home;
(3) imposing jury duty on residents of a jurisdiction having
little relation to the case; and (4) avoiding unnecessary
problems in choice-of-law and the application of foreign law.
*See Gilbert*, 330 U.S. at 508-09.

Like the public interest factors, the private interest
factors clearly favor dismissal.  The administrative difficulties
of trying this case "in a forum thousands of miles away from the
majority of witnesses and the evidence are obvious."  *Gonzalez v.
Naviera Neptuno A.A.*, 832 F.2d 876, 879 (5th Cir. 1987).  As
French is the national language of Gabon and the language of the
legal system, it is likely that many of the witnesses and much of
the evidence would need to be translated from French.  Thus, the
administrative difficulties of trying the case in the District of
Columbia weigh in favor of dismissal.

Regarding the second factor, the Republic of Gabon clearly
has the stronger interest in this controversy.  The accident took
place there, Gabonese authorities investigated it, Gabonese laws
may be implicated, and plaintiff Irwin was treated in two
Gabonese medical facilities.  As defendant notes, this case is
essentially a two vehicle tort case, the epitome of a "localized
controversy."  Gabon has a stronger interest in deterring any
conduct deemed to have caused the accident, such as the alleged
failure to equip the boat with navigational lighting and the

13

failure to require passengers to wear life jackets.  In addition,
plaintiff fails to identify a reason to impose jury duty on
District of Columbia residents who have little relationship to
this case.  In sum, Gabon's interest in the case far surpasses
the interest of the District of Columbia.

Finally, litigating this case in the District of Columbia
would result in substantial choice-of-law problems.  Many of the
legal questions require interpretation of Gabonese law, and Gabon
is in the best position to interpret and apply its own law.

Plaintiff responds that there is a public interest in
holding corporations responsible here for violations of laws
abroad.  Plaintiff also identifies some connections that the
litigants share with the District of Columbia.  For example, the
boat was allegedly owned and operated by a corporation that is
headquartered here and which may have relevant documents here.
Finally, plaintiff argues that the Court's potential application
of Gabonese law is not sufficient reason alone to dismiss the
case.

The Court does not deny that there may be a *de minimus*
connection between this case and the District of Columbia.
Moreover, if any of the public or private factors identified by
the Court, such as the Court's application of Gabonese law, were
the sole reason in support of dismissal, then dismissal would
likely be inappropriate.  *See Piper*, 454 U.S. at 260, n.29 ("Of

14

course, [the need to apply foreign law] alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate").  The balance of public and private factors in this case, however, and the fact that plaintiff is neither a resident nor a citizen of the United States, persuade the Court that the most appropriate forum for this case is Gabon.

**IV.    CONCLUSION**

        For the foregoing reasons, defendant's motion to dismiss is **GRANTED**, subject to defendant's assurances that it will waive any procedural obstacles in the plaintiffs' bringing of a lawsuit against defendant in Gabon and that it will arrange for plaintiffs' pretrial testimony to take place in Scotland.

**Signed by:    EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**
**August 22, 2006**